IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-38,930-02






EX PARTE PAUL EDWARD LOWE, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NO. CR-23,712-A IN THE 217TH DISTRICT COURT

ANGELINA COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of manufacture of a controlled substance, and he was
sentenced, as a habitual offender, to confinement for ninety-nine years. Applicant's
conviction was affirmed on appeal. Lowe v. State, No. 06-03-00240-CR (Tex. App.
--Texarkana, delivered July 23, 2004, pet. ref'd).

 Applicant contends that counsel was ineffective for not interviewing Patrick Butler
and for not investigating whether Applicant was with David Maddux on the day of the
offense. The trial court has entered findings of fact or conclusions of law finding that counsel 
was effective. However, we do not believe that those factual findings are sufficient to
completely resolve the issues presented. Because Applicant has stated facts requiring
resolution and because this Court cannot hear evidence, it is necessary for the matter to be
remanded to the trial court for resolution of those issues. The trial court shall resolve those
issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate case
the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether counsel interviewed
Patrick Butler and, if not, counsel's reasons. The trial court shall also make findings of fact
as to whether counsel investigated Applicant's claim that he was with David Maddux on the
day of the offense and, if counsel did not investigate such claim, counsel's reasons. The trial
court shall also make any further findings of fact and conclusions of law it deems relevant
and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), this application for a post-conviction writ of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within 90 days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 24TH DAY OF MAY, 2006.





DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.